UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RENITA ROBINSON,

       Plaintiff,

v.                                          CASE No. 8:13-CV-2073-T-23TGW

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

       Defendant.

_____

REPORT AND RECOMMENDATION

       The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.* Because the Appeals Council erroneously denied review after new and material evidence was submitted to it, I recommend that the decision of the Commissioner of Social Security be reversed and the matter remanded for further consideration.

I.

       The plaintiff, who was fifty-four years old at the time of the administrative decision and who has an eleventh grade education, has worked

_____

       *This matter comes before the undersigned pursuant to the Standing Order of this court dated January 5, 1998. See also Local Rule 6.01(c)(21).

primarily as a manager of housekeeping and a housecleaner. She filed claims for Social Security disability benefits and supplemental security income payments, alleging that she became disabled due to diabetes, depression, and glaucoma (Tr. 189). The claims were denied initially and upon reconsideration.

The plaintiff, at her request, then received a _de novo_ hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of diabetes mellitus, hypertension, and obesity (Tr. 40). The law judge concluded that these impairments limited the plaintiff to light work with the need to avoid concentrated exposure to hazards (Tr. 44). He determined further that, despite these limitations, the plaintiff could return to past work as manager of housekeeping (Tr. 47). Accordingly, he decided that the plaintiff was not disabled (id.).

The plaintiff sought review by the Appeals Council. The Appeals Council had before it new evidence submitted by the plaintiff. The Appeals Council acknowledged the evidence, but "found that this information does not provide a basis for changing the Administrative Law Judge's

decision" (Tr. 2). Accordingly, the Appeals Council let the decision of the law judge stand as the final decision of the defendant.

II.

A. In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D). The Act provides further that a claimant is not disabled if she is capable of performing her previous work. 42 U.S.C. 423(d)(2)(A), 1382c(a)(3)(B).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind

-3-

might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).  Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971).  Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient

-4-

evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. <u>Lamb</u> v. <u>Bowen,</u> 847 F.2d 698, 701 (11th Cir. 1988).

      B. The Commissioner's regulations set out what is termed a "sequential" analysis for deciding disability claims. <u>See</u> 20 C.F.R. 404.1520, 416.920. The initial question is whether the plaintiff is engaged in substantial gainful activity because, if so, the plaintiff will be found not disabled. 20 C.F.R. 404.1520(b), 416.920(b). If not, the next inquiry (step two) is whether a claimant has a severe impairment. 20 C.F.R. 404.1520(c), 416.920(c). An impairment is not severe if it does not significantly limit a claimant's physical or mental abilities to do basic work activities. 20 C.F.R. 404.1521(a), 416.921(a). If there is not a severe impairment, then a claimant is deemed to be not disabled. 20 C.F.R. 404.1520(c), 416.920(c).

      When an impairment is severe, but does not meet, or equal, a listing in Appendix 1 (step three), a further inquiry (step four) is made as to whether the impairment prevents the claimant from doing past relevant work. 20 C.F.R. 404.1520(f), 416.920(f). If a claimant cannot do such work, an

additional determination (step five) is made concerning whether the claimant can perform other work which exists in significant numbers in the national economy. 20 C.F.R. 404.1520(g), 416.920(g). In such cases, the regulations direct that an individual's residual functional capacity, age, education, and work experience be considered in determining whether the claimant is disabled. These factors are codified in tables of rules, known as "guidelines" or "grids," that are appended to the regulations. 20 C.F.R. Part 404, Subpart P, Appendix 2.

III.

The plaintiff challenges the Commissioner's decision at both the Appeals Council and law judge levels (Doc. 17, p. 1). Included among the plaintiff's contentions is that "the Appeals Council improperly failed to remand the case back to [the] ALJ given that the new and material evidence submitted to the Appeals Council contained the opinion ... by the Plaintiff's treating psychiatrist that the Plaintiff has marked and moderate mental limitations, which was in direct contrast with the ALJ's conclusion that the Plaintiff's mental limitations are only mild" (id.). This contention has merit and warrants reversal.

Most significantly, the Appeals Council had for consideration a Mental Residual Functional Capacity questionnaire filled out by the plaintiff's treating psychiatrist, Dr. Patricia Hough. Dr. Hough opined that the plaintiff had marked and moderate limitations in areas of Social Interaction, Sustained Concentration and Persistence, and Adaption (Tr. 473-75). For example, Dr. Hough concluded that the plaintiff had marked limitations (which means that her impairment seriously affected her ability to function in a work setting (Tr. 473)), in her ability to work in coordination or proximity to others; to perform and complete work tasks at a consistent pace; to maintain attention and concentration for more than brief periods of time; to respond appropriately to changes in the work setting; to behave predictably, reliably and in an emotionally stable manner; and to tolerate customary work pressures (Tr. 473-75). Dr. Hough commented that the plaintiff would "decompensate[] if 'pushed' either verbally or threatened physically or feels that someone might do her harm" (Tr. 474). Dr. Hough added that the plaintiff has a history "of extreme verbal & physical abuse – isolates or may respond aggressively; poor concentration complicated by physical illnesses & many medications[;] compliant – not responding to

antidepressant therapy to this date," which was December 20, 2011 (Tr. 475). The Appeals Council also received a treatment note of that date which reported that the plaintiff had an outburst in a shoving incident at a store after being repeatedly bumped by a cart (Tr. 477). The plaintiff argues that this new evidence supports her contention that she has a severe mental impairment, and therefore, the matter should be remanded for a re-evaluation of her residual functional capacity (Doc. 17, p. 11-12).

The regulations provide that the Appeals Council will review a case if, among other things, "[t]he action, findings or conclusions of the administrative law judge are not supported by substantial evidence." 20 C.F.R. 404.970(a)(3), 416.1470(a)(3). The regulations provide further (20 C.F.R. 404.970(b); see also 20 C.F.R. 416.1470(b)):

> If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision.... It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

Judicial review of the Appeals Council's denial of review after the submission of new evidence is governed by Ingram v. Commissioner of

Social Security Administration, 496 F.3d 1253 (11th Cir. 2007). The Eleventh

Circuit sought to clarify in <u>Ingram</u> the law concerning the nature and extent

of judicial review of new evidence that was first presented to the Appeals

Council. In my view, <u>Ingram</u> held that, when the Appeals Council considers

new evidence and denies review, the district court should determine whether

the Appeals Council has correctly decided that the law judge's findings are

not contrary to the weight of all the evidence. <u>See</u> <u>Tucker</u> v. <u>Astrue</u>, 2008

WL 2811170 (M.D. Fla. 2008). This assessment is undertaken to determine

whether there has been a violation of 20 C.F.R. 404.970(b) and 416.1470(b),

which direct which cases the Appeals Council will review.

Accordingly, the additional evidence in this case will be

considered to determine whether, in violation of 20 C.F.R. 404.970(b) and

416.1470(b), the Appeals Council erred in concluding that the law judge's

findings were not contrary to the weight of the evidence currently of record.

Before this determination is undertaken, the threshold inquiry is whether the

additional evidence is new and material. Unless both of these are shown,

§404.970(b) and §416.1470(b) do not come into play.

Evidence is considered new if it is not cumulative. <u>Falge</u> v. <u>Apfel</u>, 150 F.3d 1320, 1323 (11th Cir. 1998), <u>cert</u>. <u>denied</u>, 525 U.S. 1124 (1999). Evidence is material if there is a reasonable possibility that the new evidence would change the administrative result. <u>Id</u>.; <u>Robinson</u> v. <u>Astrue</u>, 365 Fed. Appx. 993, 996 (11th Cir. 2010).

The evidence presented to the Appeals Council is clearly new and non-cumulative. Thus, Dr. Hough's opinion is new because, although it was prepared prior to the law judge's decision, it was not received by the law judge before he issued his decision. Further, the opinion is not cumulative, as it is the only opinion from a treating psychiatrist or psychologist. Moreover, the evidence is material in that it creates a reasonable possibility of a different decision because the new evidence contradicts the law judge's finding that the plaintiff's mental impairment was not severe.

The law judge stated that the plaintiff's "medically determinable mental impairments of Adjustment Disorder with mixed anxiety, depressed mood, considered singly and in combination, do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and are therefore nonsevere" (Tr. 41). In this respect the law judge found that the

plaintiff had only mild limitations in the areas of activities of daily living, social functioning, and concentration, persistence or pace, and had no episodes of decompensation of extended duration (Tr. 43).

The opinion from Dr. Hough, if credited, would warrant a different result. In the first place, Dr. Hough diagnosed the plaintiff with "Major Depression, recurrent [and] PTSD" (Tr. 477), and not simply an adjustment disorder. Moreover, her opinions in the areas of social functioning, and concentration, persistence or pace would require a finding of at least moderate limitations in those areas, if not marked limitations. In all events, such findings would necessitate functional mental limitations in the plaintiff's residual functional capacity determination. A residual functional capacity determination with mental functional limitations would certainly create the possibility that the plaintiff could not return to her prior work as a manager of housekeeping, and could not perform other work in the national economy. Thus, for example, the vocational expert testified that, if the plaintiff was off task for up to a third of the day at least two to three days per week, she could not perform her past work or any other jobs (Tr. 77).

Further, if she would need an extra twenty-minute break twice a week, the expert testified that employers would not accommodate that (id.).

Significantly, the opinion from Dr. Hough was rendered more than a year after the plaintiff's consultative psychological evaluation. Consequently, it reflects the plaintiff's mental status about the time of the law judge's decision.

Further, the treatment note from Dr. Hough reporting that the plaintiff had a shoving incident after being bumped by a shopping cart is inconsistent with the law judge's finding that the plaintiff only has a mild limitation in social functioning (Tr. 477). That incident would seemingly call for some limitation in the residual functional capacity finding regarding the plaintiff's ability to deal with others.

In short, there is a reasonable possibility that the opinion from Dr. Hough would result in a different decision. Notably, the test for whether the new evidence is material is simply whether there is a reasonable possibility of a change in the administrative results, and not a reasonable probability. Since that test is satisfied here, the new evidence is material.

Because the additional evidence meets the threshold requirement that it be new and material, the question then becomes whether the Appeals Council's denial of review was erroneous.  In light of the new evidence, the law judge's finding that the plaintiff did not have a severe mental impairment is contrary to the weight of all the evidence.

The evidence before the law judge concerning the plaintiff's mental impairment was limited.  This is reflected by the opinion of a nonexamining reviewing psychologist who stated on August 31, 2010, that the evidence was insufficient to assess the plaintiff's mental status (Tr. 331). On December 13, 2010, the plaintiff had a psychological evaluation by Dr. Cheryl Kasprzak and Dr. Paula Bowman (Tr. 367).  They diagnosed the plaintiff with adjustment disorder with mixed anxiety and depressed mood (Tr. 366-67).  Notably, they assessed the plaintiff with a Global Assessment of Functioning (GAF) of 54 (Tr. 367).  The GAF scale "[c]onsider[s] psychological, social, and occupational functioning on a hypothetical continuum of mental health-illness." Diagnostic and Statistical Manual of Mental Disorders, (DSM-IV-TR) (4th ed., Text Revision), p. 34. A rating of 51-60 reflects "[m]oderate symptoms (e.g., flat affect and circumstantial

speech, occasional panic attacks) OR moderate difficulty in social, occupational, or school functioning (<u>e.g.</u>, few friends, conflicts with peers or co-workers"). <u>Id</u>.

Based upon the psychological report, a nonreviewing psychologist opined that the plaintiff had only mild limitations in the areas of activities of daily living, social functioning, and concentration, persistence or pace (Tr. 386). The law judge agreed with those opinions.

However, the opinion from Dr. Hough, a treating psychiatrist, if not reasonably discounted, carries greater weight than opinions of a consulting psychologist and a nonexamining psychologist. <u>Lewis</u> v. <u>Callahan</u>, 125 F.3d 1436, 1440-41 (11th Cir. 1997); <u>Broughton</u> v. <u>Heckler</u>, 776 F.2d 960, 962 (11th Cir. 1985). Thus, the regulations provide that opinions of a treating source if well supported by medically acceptable diagnostic techniques and not inconsistent with the other substantial evidence will be given controlling weight. 20 C.F.R. 404.1527(c)(2), 416.927(c)(2). Moreover, the Eleventh Circuit holds that opinions from treating physicians are entitled to substantial or considerable weight unless there is good cause

for not according them such weight. <u>Phillips</u> v. <u>Barnhart</u>, 357 F.3d 1232, 1240 (11th Cir. 2004).

While the Appeals Council acknowledged the opinion from Dr. Hough, it did not evaluate it, and it certainly did not articulate good cause for discounting it (Tr. 2). The plaintiff argues that the Appeals Council's failure to explain the weight given to Dr. Hough's opinion warrants remand (Doc. 17, pp. 14-15). The Commissioner responds that the Eleventh Circuit has held several times that the Appeals Council is not required to explain its denial of a claimant's request for review (Doc. 18, p. 13). <u>See</u>, <u>e.g.</u>, <u>Mansfield</u> v. <u>Astrue</u>, 395 Fed. Appx. 528, 530 (11th Cir. 2010). On the other hand, the Appeals Council's failure to address Dr. Hough's opinion leaves it completely unchallenged. And, as indicated, that unchallenged opinion carries greater weight than the opinions of the consulting psychologists and the nonexamining reviewing psychologist.

Notably, the responsibility to weigh Dr. Hough's opinion is assigned to the administrative fact-finders and not this court. As Judge Posner stated in <u>Eads</u> v. <u>Secretary of the Department of Health and Human Services</u>, 983 F.2d 815, 817-18 (7th Cir. 1993), if this court were to determine

-15-

the weight to be given to particular evidence, "[i]t would change our role from that of a reviewing court to that of an administrative law judge, required to sift and weigh evidence in the first instance, rather than limited as we are to reviewing evidentiary determinations made by the front-line factfinder." Accordingly, on remand, the law judge or the Appeals Council should determine how much weight Dr. Hough's findings are entitled to and the extent to which they affect the plaintiff's mental functioning. However, as things stand now, Dr. Hough's unchallenged opinion renders the law judge's findings regarding the plaintiff's mental impairment contrary to the weight of the evidence. Accordingly, a remand is warranted.

It is appropriate to add that the plaintiff also contends that a newly submitted MRI reflecting abnormal findings concerning the plaintiff's lower back similarly supports a remand. That contention is not particularly persuasive because it is doubtful that the MRI would result in a change in the finding that the plaintiff can perform light work. In all events, on remand that evidence can be considered in connection with the plaintiff's allegation of a severe back impairment.

-16-

The plaintiff also raises an issue about the law judge's assessment of the plaintiff's mental impairment. That issue is rendered moot by the remand for the consideration of the new psychiatric evidence.

IV.

For these reasons, the Appeals Council erred in denying review. I, therefore, recommend that the decision be reversed and the matter remanded for further consideration.

Respectfully submitted,

THOMAS G. WILSON
DATED: OCTOBER 9, 2014 UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).